FILED

NOT FOR PUBLICATION

DEC 10 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ST. PAUL MERCURY INSURANCE
COMPANY, a Minnesota corporation,

Plaintiff - Appellee,

v.

TESSERA, INC., a Delaware corporation,

Defendant - Appellant.

No. 13-17189

D.C. No. 5:12-cv-01827-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted December 7, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Tessera, Inc. appeals the district court's grant of summary judgment to St.

Paul Mercury Insurance Company on the issue of St. Paul's duty to defend Tessera

in a third party action brought by Powertech Technology, Inc., also known as PTI.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review the district court's ruling on cross-motions for summary judgment de novo. *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We reverse and remand.

The district court erred when it held PTI's allegations against Tessera did not allege a potential disparagement claim. The facts alleged in PTI's complaint that Tessera made untrue accusations to PTI's customers that PTI's products infringed Tessera's patents could potentially allege a claim for disparagement. *See Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 123 Cal. Rptr. 2d 256, 269-71 (Ct. App. 2002). To the extent that the district court found that the facts did not support a disparagement claim as a matter of law, because Tessera enjoyed a privilege that barred liability, the district court applied the wrong legal standard and impermissibly considered the merits of the claim. *See Montrose Chem. Corp. of Cal. v. Superior Court*, 861 P.2d 1153, 1159 (Cal. 1993) (holding that an insurer "may terminate its defense obligation by proving that the underlying claim falls outside the scope of policy coverage, but not by demonstrating that the claim lacks merit"). The existence of a slam-dunk defense, immunity, or privilege with respect to the underlying claim against the insured does not affect an insurance company's duty to defend. *See CNA Cas. of Cal. v. Seaboard Sur. Co.*, 222 Cal. Rptr. 276, 281 n.4 (Ct. App. 1986) ("[W]hen presented with a tender of a defense, it is not the

13-17189

insurer's place to analyze and evaluate the underlying claim of liability in order to reject the defense of any claim that is not meritorious. . . .[T]he fact that [the insurer] may have known of a good defense, even an ironclad one, to the [potential tort] claim did not relieve it of its obligation to defend its insured."). Therefore, the district court erred when it relieved St. Paul of its duty to defend based on the merits of the underlying potential disparagement claim.

We remand for the district court to consider in the first instance whether the intellectual property exclusion applies.

St. Paul's motion to take judicial notice is granted.

**REVERSED and REMANDED.**

13-17189